IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUSTIN BUTCHER and JENNIFER
BUTCHER, husband and wife,
Residents of Big Stone Gap,
Virginia,

        Plaintiffs,

v.                       Civil Action No. 1:20-CV-74
                                (Judge Kleeh)

HALLIBURTON ENERGY SERVICES,
INC., a Delaware corporation,
ANTERO RESOURCES CORPORATION,
a Delaware corporation, and
SAFETY MANAGEMENT SYSTEMS,
LLC, a Louisiana Corporation,

        Defendants.

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS

Pending before the Court is Defendant Halliburton Energy Services, Inc.'s ("Halliburton") Motion to Dismiss [ECF No. 60]. The matter is fully briefed and ripe for decision. For the reasons discussed herein, the motion is granted, in part, and denied, in part.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Justin Butcher (sometimes hereinafter "Justin Butcher" or "Butcher") is a resident of Appalachia, Wise County, Virginia. Amend. Compl., ECF No. 56, at ¶ 2. Butcher alleges he worked for Halliburton Energy Services, Inc. ("Halliburton") in Pennsboro, Ritchie County, West Virginia. Id. He was based out

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

of Halliburton's Zanesville, Ohio yard.  Id. at Ex. 8.  At the time of the injury giving rise to this litigation, Butcher was working at a customer's location – Defendant Antero Resources Corporation ("Antero") – in Ritchie County, West Virginia.  Id.

Butcher suffered a workplace injury on April 30, 2018 while working on Antero's Petroleum Pad 3225, again, in Ritchie County, West Virginia.  Specifically, Butcher alleges he was performing general maintenance on a Q10-high pressure pump and injured his hand when he reached into a pot.  Id. at ¶17.

The number of days Butcher spent working within the borders of the state of West Virginia is a significant issue here.  Those dates are addressed in the Amended Complaint and established by Halliburton's payroll records and the affidavit of Jessica Knittle, HSE Manager.  ECF Nos. 61-1 and 61-2.  Again, he commenced employment with Halliburton in Ohio on February 6, 2018.  From that start date through March 13, 2018, Butcher was either training (i.e., working) in Ohio or had scheduled time off.  On March 14, 2018, Butcher worked on the aforementioned well pad in Ritchie County, West Virginia.  From March 23, 2018 through April 5, 2018, he was either on vacation or had scheduled time off.  Butcher returned to Ritchie County, West Virginia for work on April 6, 2018 and worked there through April 17, 2018.  He had time off from work from April 18, 2018 through April 23, 2018.  Butcher

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

resumed work on the Ritchie County well pad on April 24, 2018 and worked there through the date of injury, April 30, 2018.

Plaintiffs allege Justin Butcher was assigned or physically present in West Virginia for 48 calendar days. Some of those days represent days where Plaintiff did not perform work or was on scheduled vacation. Plaintiffs' Amended Complaint scarcely addresses the issue but does not allege Justin Butcher performed work in excess of thirty (30) days within the borders of West Virginia. Plaintiff's Response Brief argues, multiple times, he worked in West Virginia EXACTLY thirty (30) days. Halliburton's aforementioned exhibits count Butcher's days performing work in West Virginia at 28.

Plaintiff Butcher alleges a number of causes of action against Defendants. Halliburton's motion focuses on the claims for injury in violation of West Virginia Code § 23-4-2 otherwise known as a deliberate intent claim (Count III), workers compensation discrimination in violation of West Virginia Code § 23-5A-1 et seq. (Count VI) and workers' compensation fraud (also, Count VI).

## II.   STANDARD OF REVIEW

### A. Rule 12(b)(1)

Rule 12 of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R.

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

Civ. P. 12(h)(3). Parties may present that defense via motion. See Fed. R. Civ. P. 12(b)(1). The burden of proving subject matter jurisdiction on a motion to dismiss lies with the party asserting jurisdiction. CSX Transp., Inc. v. Gilkison, No. 5:05CV202, 2009 WL 426265, at *2 (N.D.W. Va. Feb. 19, 2009).[1] No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of the jurisdictional claims. Id. at *2.

**B. Rule 12(b)(6)**

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

---

[1] Plaintiffs' reliance on the guidance of the Supreme Court of Appeals of West Virginia and Saverse v. Allstate Ins. Co., 672 S.E.2d 355 (W. Va. 2008) with respect to the relative burdens imposed under the **FEDERAL** Rules of Civil Procedure is inapposite.

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

> A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, Jordan v. Alternative Resources Corp., 458 F.3d 332, 338 (4th Cir. 2006), considered with the assumption that the facts alleged are true, Eastern Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). And the legal sufficiency of a complaint is measured by whether it meets the standards for a pleading stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted).

Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009)

### C. Application

Halliburton urges the Court to proceed under Rule 12(b)(1) challenging this Court's jurisdiction.  However, Halliburton's

motion under this procedural avenue is misplaced. "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." Lightfoot v. Cendant Mortg. Corp., -- U.S. --, 137 S. Ct. 553, 562 (2017) (internal citation omitted). Although Halliburton argues (and as this Court concludes) Plaintiff Justin Butcher cannot seek relief under W. Va. Code § 23-4-2, the question of whether this Court has the authority or power to decide such a question – the core of a subject matter jurisdiction challenge - can hardly be disputed. Plaintiffs originally filed this matter in this Court and alleged jurisdiction was proper under "29 [sic] USCA §1332." ECF No. 1 at ¶ 12. Subsequently, Plaintiffs filed their Amended Complaint [ECF No. 56], the operative pleading currently before the Court, alleging the same jurisdictional predicate – that this matter represents "a dispute between citizens of different states, wherein the amount in controversy, including costs, exceeds the jurisdictional threshold of $75,000." ECF No. 56 at ¶ 12. At no point has any party challenged whether the requirements of 28 U.S.C. § 1332 have been satisfied.[2]

---

[2] Of course, unlike personal jurisdiction, subject matter jurisdiction can never be forfeited or waived. See U.S. v. Cotton, 535 U.S. 625, 630 (2002). The Court, mindful of its obligation to always ensure subject matter jurisdiction exists, see, e.g., Rule 12(h)(3), can find no basis to legitimately question whether the

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

Instead, Halliburton advances the argument that because Plaintiff Justin Butcher cannot avail himself of the protections of West Virginia workers' compensation law, including the deliberate intent statute, this Court somehow lacks jurisdiction. The argument confuses the issue. "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 642-43 (2002) (internal quotation marks and citation omitted)(analyzing jurisdictional challenge under 28 U.S.C. § 1331 as opposed to § 1332).  The Rule 12 challenge to Plaintiffs' claims is better phrased as one of plausibility even if the question is if Justin Butcher is covered by the statutes he cites in his Amended Complaint.  This Court most certainly has the legal authority to answer that question.  Thus, the Court views the pending motion through the Rule 12(b)(6) prism.

In a related vein, Plaintiffs seek shelter under Rule 56 because, as they contend, the reference to exhibits transforms Halliburton's motion to one seeking summary judgment.  The Court disagrees.  As the Fourth Circuit has noted, courts are not

---

statutory requirements of diversity jurisdiction have been satisfied.  See 28 U.S.C. § 1332.

required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences ... Nor must [courts] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).[3]

### III. DISCUSSION

Plaintiff Butcher asserts multiple claims against Halliburton made subject of the pending motion. The Court addresses each in turn.

### A. Butcher's Statutory Deliberate Intent Claim Fails Because He Is Not Entitled To Recover Benefits for Injury, Disease or Death Under West Virginia Workers' Compensation Law.

Butcher initially asserts a claim for injury against Halliburton, his employer, for alleged violation of West Virginia Code § 23-4-2, or "deliberate intent." ECF No. 56 at ¶¶ 44-50. Butcher seeks the usual array of damages. Id. at ¶ 49. Halliburton argues Butcher cannot seek such damages – or any compensation under West Virginia workers' compensation law – because he was only a temporary employee within the state.

West Virginia Code § 23-2-1 proscribes limits on West Virginia law and its application to "temporary employees."

> If the employee is a resident of a state other than this state and is subject to the terms

---

[3] But see n.5, infra.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

> and provisions of the workers' compensation
> law or similar laws of a state other than this
> state, the employee and his or her dependents
> are not entitled to the benefits payable under
> this chapter on account of injury, disease or
> death in the course of and as a result of
> employment temporarily within this state, and
> the rights of the employee and his or her
> dependents under the laws of the other state
> shall be the exclusive remedy against the
> employer on account of any injury, disease or
> death.

W. Va. Code § 23-2-1c(c). Butcher is a resident of the Commonwealth of Virginia. ECF No. 56 at ¶ 2. Thus, a central question as to whether he can advance a "deliberate intent" claim for the injuries allegedly sustained while working in West Virginia is whether he is "subject to the terms and provisions of the workers' compensation laws of a state other than this state ..." If he is, his exclusive, i.e., only, remedy lies elsewhere.

The West Virginia Insurance Commission has provided guidance on this specific question. Specifically, Rule 7.1 states

> Extraterritorial employees performing work in
> the State of West Virginia on a temporary
> basis (i.e., for a period not exceeding thirty
> (30) calendar days in any three hundred and
> sixty-five (365) day period) are not required
> to be covered with West Virginia workers'
> compensation coverage. If an extraterritorial
> employee is injured while working in this
> state on a temporary basis, the
> extraterritorial employee's exclusive
> workers' compensation remedy is under the laws
> of the state to which the extraterritorial
> employee is subject.

9

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

W. Va. C.S.R. 85-8-7.1.  The Supreme Court of Appeals of West Virginia has also addressed the issue.  Back in 1992, that Court recognized the language of W. Va. Code § 23-2-1c(c) as "mak[ing] the compensation law of another state the exclusive remedy against the employer for a **nonresident employee** who is temporarily employed in [West Virginia], if such employee is injured in [West Virginia] and is covered by his or her employer's workers compensation in the other state."  Syl. Pt. 3, Pasquale v. Ohio Power Company, 418 S.E.2d 738 (W. Va. 1992) (emphasis added).  Ultimately, the Court held "a foreign corporation not covered by West Virginia workers' compensation law, but covered by the compensation law of its home state, temporarily employing an **out-of-state resident** who is injured in West Virginia, is immune from suit for contribution by a joint tortfeasor."  Id. at Syl. Pt. 4 (emphasis added).

In 1996, the Supreme Court of Appeals extended Pasquale noting "[a] **nonresident employee** who is injured in [West Virginia] and is protected under the terms and provisions of the workers' compensation laws of a foreign state shall not be entitled to the benefits and privileges provided under the West Virginia Workers Compensation Act, including the right to file and maintain a deliberate intent cause of action under W. Va. Code § 23-4-2(c)(2) (1994)."  Syl. Pt. 3, Gallapoo v. Wal-Mart Stores, Inc., 475 S.E.2d 172 (W. Va. 1996) (emphasis added).

10

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

As with all things, the express, specific language of the applicable regulation is important.  The Code of State Regulations requires an employee to "perform work" – not reside or base - in West Virginia for a period **not exceeding** thirty (30) calendar days to be considered temporary.  Plaintiffs' opposition to Halliburton's motion and their Amended Complaint attempt, but fall short, of pleading just that.  Plaintiffs do not argue Justin Butcher exceeded that thirty day threshold.  Instead, they repeatedly note he worked **EXACTLY** thirty days.  See Pl. Resp. Br., ECF No. 73, at 6 ("Out of the forty-eight (48) calendar days that Plaintiff was assigned to work in West Virginia from March 13, 2018, until he was injured on April 30, 2018, he was actually required to be in West Virginia for 30 paid days **EXACTLY** ...) and ("... Plaintiff Justin Butcher performed work for 30 payroll days **EXACTLY** ...")(emphasis added).  Later in that same submission, Plaintiffs note Butcher "was sent to West Virginia ... for ... 48 **calendar** days in total." Id. at 13 (emphasis added); see also id. at 14 ("During the entire time Plaintiff was assigned to work in the state of West Virginia, a total of 48 **calendar** days ...")(emphasis added).  However, there is no allegation, argument or even suggestion he "performed work" each of those days or in excess of the thirty (30) day threshold to trigger West Virginia workers' compensation coverage.

11

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS
---

The Response Brief's argument is of particular note compared to the careful wording of the Amended Complaint.  That pleading never alleges Justin Butcher **performed work** in excess of thirty days in West Virginia.  For example, the "Introduction, Parties, Jurisdiction and Venue" section alleges "he was an employee of HALLIBURTON, working on a non-temporary basis in Pennsboro, Ritchie County, West Virginia, for more than 30 consecutive working days prior to the date of his injuries ..."  ECF No. 56 at ¶ 2. The only other allegation relevant here states "Plaintiff was an extraterritorial employee who had worked in West Virginia for a continuous period of time exceeding thirty (30) calendar days ..." Id. at ¶ 82.  Plaintiffs seem to intentionally avoid the critical distinction between extraterritorial, which Justin Butcher clearly was, with "non-temporary" which absolutely requires an employee to have performed work for a period exceeding thirty (30) days in any three hundred sixty-five (365) day period.  See W. Va. C.S.R. § 85-8-7.1.

Accepting Plaintiffs' argument here would render the regulation's use of the word "exceeding" meaningless.  "A regulation that is proposed by an agency and approved by the Legislature is a "legislative rule" as defined by the State Administrative Procedures Act, W. Va. Code, § 29A-1-2(d), and such a legislative rule has the force and effect of law."  Syl. Pt. 5,

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS

Smith v. West Virginia Human Rights Comm'n, 602 S.E.2d 445, 447 (W. Va. 2004). "It is generally accepted that statutes and administrative regulations are governed by the same rules of construction." West Virginia Racing Comm'n v. Reynolds, 780 S.E.2d 664, 668 (W. Va. 2015)(internal citation omitted). This Court cannot abide such selective reading or interpretation of duly-enacted pronouncements from the legislative branch. See Discover Bank v. Vaden, 396 F.3d 366, 369 (4th Cir. 2005) ("It is a classic canon of statutory construction that courts must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous.")(internal quotation marks and citation omitted); T. Weston, Inc. v. Mineral Cnty., 638 S.E.2d 167, 171 (W. Va. 2006) ("It is presumed that each word in a statute has a definite meaning and purpose.")(internal citation omitted).

The same could be said for the phrase "perform work." Plaintiffs make repeated reference to "calendar days" and claim Butcher "worked for a period exceeding thirty (30) calendar days" but are careful to not allege or argue he performed work each of those days. The Response Brief confirms the lack of this critical factual allegation. Plaintiffs go so far as to claim Halliburton "attempts to cloud this issue by asserting that Plaintiff was a temporary employee because it only paid him for work done on 28

13

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS

payroll days ..."  [ECF No. 73 at 14].   Contrary to Plaintiffs'
argument, the plain meaning of the regulation requires an
extraterritorial employee to perform work – not simply be
physically located – in West Virginia for more than thirty (30)
days.  No such allegation or argument is presented here.  Moreover,
nothing in the regulation or precedent interpreting the regulation
suggests, as Plaintiffs do, that calendar, non-working days should
be the controlling metric or, even more drastic, that somehow
"dates during the consecutive time frame when the employee is
granted the right to take vacation days" should count.  "Perform
work" means just that, to work.  Days spent on other pursuits do
not salvage Plaintiffs' claim here.

Plaintiffs further urge the Court to focus its analysis on W.
Va. C.S.R. § 85-8-7.4.  That regulation provides "[a]n employer
and an employee who are both subject to the workers' compensation
laws of a state other than West Virginia **may** enter into a written
agreement in which the employer and employee both agree to be bound
by the laws of the other state[.]"  Id. (emphasis added).
Plaintiffs argue this provision, read with W. Va. C.S.R. § 85-8-
7.2, compels denial of the pending motion.  Section 85-8-7.2
states:

> **Extraterritorial employees working in West
> Virginia on a non-temporary basis.**
> Extraterritorial employees who perform work in
> the State of West Virginia on a non-temporary

14

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS

> basis (i.e., for a period exceeding thirty
> (30) calendar days in any three hundred and
> sixty-five (365) day period) and are not
> otherwise exempt from West Virginia's workers'
> compensation laws must be covered with West
> Virginia workers' compensation coverage
> unless they enter into an agreement with their
> employer described under subsection 7.4. of
> this section. An employer of extraterritorial
> employees has a duty to immediately advise its
> West Virginia private carrier when it
> reasonably believes it will be employing
> extraterritorial employees in the State of
> West Virginia on a non-temporary basis, so
> that premium can be adjusted accordingly.

Id. Plaintiffs' argument is misplaced based on the clear language

of these regulations.  Plaintiff Justin Butcher does not satisfy

the initial prerequisite – working as an "extraterritorial

employee ... on a **non-temporary basis** ..."  Without meeting that

initial hurdle, the remainder of the regulation's commands are

irrelevant here including the requirement the employer and

employee reach an agreement to be subject to the workers'

compensation laws of another jurisdiction.[4]  As discussed above,

---

[4] Plaintiffs appear to advance an argument with respect to the
agreement contemplated by W. Va. C.S.R. § 85-8-7.2 and 7.4
heretofore not addressed by the West Virginia courts outside a
dissent to a Memorandum Opinion.  In her dissent to Mize v.
Commonwealth Mining, LLC, No. 16-0413, 2017 WL 1348516, at *6 (W.
Va. April 7, 2017), Justice Workman notes her belief, joined by
Justice Davis, that the lack of agreement would subject the
employer and employee to **both** West Virginia law and the law of the
other jurisdiction.  Justice Workman contends the majority, at
best, ignores the issue in deciding Mize.  Regardless, for what
that Memorandum Decision may be worth, the majority does not adopt
Justice Workman's analysis in its opinion.  Bound to faithfully

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS

Plaintiff Justin Butcher, based on the record before the Court, has neither alleged nor argued he performed work in West Virginia for a period **EXCEEDING** thirty days.

Again, the Court assess Halliburton's motion under the stringent standards of Rule 12(b)(6). The Fourth Circuit has advised district courts:

> At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" as required by Rule 8. Iqbal, 129 S. Ct. at 1950 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). The Court noted that even though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id.

Francis, 588 F.3d at 193. Plaintiffs' Amended Complaint falls short even with the deference required under Rule 12, Iqbal and Twombly. The well-pleaded facts do not give rise to a plausible claim Plaintiff Justin Butcher performed work in West Virginia for

---

apply the law of the state of West Virginia, this Court cannot follow that path either.

16

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

a period **exceeding** thirty (30) days at the time of his injury.[5]
Therefore, as the Supreme Court of Appeals of West Virginia has
held, he cannot state a claim for deliberate intent under W. Va.
Code §23-4-2.  Halliburton's motion is **GRANTED** with respect to the
Amended Complaint's Count III on these grounds.

> **B.  Plaintiffs' Amended Complaint fails to satisfy the
> specificity requirements for a fraud claim.**

Plaintiffs further allege a cause of action for fraud premised
on Persinger v. Peabody, 474 S.E.2d 887 (W. Va. 1996).  There, the
Supreme Court of Appeals established and framed the claim as
follows:

> An employee's cause of action against his/her
> employer for fraudulent misrepresentation
> concerning the employee's workers'
> compensation claim must be pled with
> particularity and must be supported by factual
> allegations identifying the employer's
> particular acts or circumstances which
> distinguish the intentional tort of fraudulent
> misrepresentation from the employer's
> negligent misrepresentation or mere delay in

---

[5] The Court's decision here does not necessarily require reference
or reliance upon any of the exhibits or attachments to
Halliburton's motion as the Amended Complaint's factual
allegations are insufficient to plausibly state a claim;
therefore, Plaintiffs' argument that the motion should be
converted to one seeking summary judgment under Rule 56 (allowing
Plaintiffs to properly avoid such a fate citing the need for
additional discovery) is unpersuasive.  Regardless, the exhibits
provided by Halliburton in support of its motion confirm
Plaintiff's allegations that Justin Butcher did not perform work
for a period of time in excess of thirty days.  See Veney, 293
F.3d at 730; Sprewell, 266 F.3d at 988 (both authorizing district
court to consider exhibits in direct contradiction of complaint
allegations without converting motion).

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS

> processing or payment of said claim, the
> latter two of which are not sufficient to
> support an employee's independent cause of
> action.

Id. at 898.  While that holding finds much of its basis in West

Virginia's pleading rules, the Federal Rules of Civil Procedure

impose the same stringent requirements.  Rule 9(b) requires a party

to "state with particularity the circumstances constituting fraud

or mistake."  Fed. R. Civ. P. 9(b).  This Court has previously

observed "[t]he circumstances that must be pleaded with

particularity include 'the time, place, and contents of the false

representations, as well as the identity of the persons making the

misrepresentation and what he [or she] obtained thereby.'" Bennett

v. Skyline Corp., 52 F.Supp.3d 796, 813 (N.D.W. Va. 2014).

Plaintiffs' Amended Complaint falls short of this admittedly

lofty burden.  The most Plaintiff alleged in that pleading in

support of the fraud claim are legal conclusions.  Plaintiff

alleges that Halliburton "unlawfully and deceptively caused

Plaintiff's [workers' compensation] claim to be removed from the

West Virginia workers' compensation system, without Plaintiff's

consent or agreement, and re-filed it as a workers' compensation

claim in the State of Ohio" all while allegedly knowing Plaintiff

was a non-temporary employee in the state of West Virginia.  ECF

No. at ¶ 82.  An unnamed person from Halliburton allegedly

"misrepresented to Plaintiff and his wife while he was in the

18

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

hospital in West Virginia that he was required by law to be covered under Ohio" laws.  <u>Id.</u> at ¶ 83.  Halliburton then allegedly "knowingly misrepresented to the Ohio Bureau of Workers' Compensation that, even without Plaintiff's consent or agreement, the Ohio Bureau of Workers' Compensation had jurisdiction to process Plaintiff's extraterritorial claim."  <u>Id.</u> at ¶84. Plaintiff further alleges such conduct was deceptive, fraudulent and discriminatory in manner, and that Halliburton denied certain rights owed to him under the laws of West Virginia.  <u>Id.</u> at ¶88.

However, the Amended Complaint is most notable for what it fails to include – dates, times, individual actors and the benefit derived from the alleged fraudulent scheme.  <u>See</u> <u>Bennett</u>, 52 F.Supp.3d at 813.  Considering the standard imposed on pleadings asserting claims for fraud, the motion must be and is hereby **GRANTED** with respect to Count VI's common law fraud claim.

> **C.   Defendant has not demonstrated entitlement to relief under Rule 12 with respect to Plaintiff's Discrimination Claim under W. Va. Code § 23-5A-1.**

Plaintiffs also allege a claim for unlawful discrimination in violation of W. Va. Code § 23-5A-1.  That statute prohibits discrimination "in any manner against any of his present or former employees because of such present or former employee's receipt of or **attempt to receive benefits** under this chapter."  W. Va. Code § 23-5A-1 (emphasis added).  Although the lengthy Amended Complaint

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

is somewhat sparse on the specific instances of alleged discrimination, the Court believes a threshold issue exists before it can assess the sufficiency of the Amended Complaint under the Rule 12 challenge, Iqbal and Twombly. Specifically, the Court is unable to find any authority addressing the question as to whether an employee, ultimately covered by another state's workers' compensation laws – as the Court believes Plaintiff to be here, is nonetheless entitled to the protections of the anti-discrimination provisions of West Virginia's workers' compensation system. The plain language of the statute provides no answer but also does not facially contemplate the limitations on Plaintiffs' other claims here. Specifically, unlike the other issues already addressed supra, W. Va. Code § 23-5A-1 places no disclaimer or limitation on those prohibited from discriminating – employers. The statute merely states "[n]o employer" may engage in the proscribed conduct without further defining the term. In short, the West Virginia Legislature chose the broad path here. For that reason, the Court is of the opinion that the matter may present a question appropriate for certification to the Supreme Court of Appeals of West Virginia.

This Court, via the Honorable Irene M. Keeley, recently outlined the relevant law governing certified questions.

> West Virginia has enacted the Uniform Certification of Questions of Law Act,

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

("UCQLA"), W. Va. Code § 51-1A-1, et seq., which provides:

> The Supreme Court of Appeals of West Virginia may answer a question of law certified to it by any court of the United States ... if the answer may be determinative of an issue in a pending case in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state.

W. Va. Code § 51-1A-3. The Supreme Court of Appeals has recognized that the purpose of this statute is "to provide foreign courts with the benefit of [its] determination of West Virginia law" and "to resolve ambiguities or unanswered questions" in the same. Abrams v. W. Va. Racing Comm'n, 263 S.E.2d 103, 106 (W. Va. 1980) (internal quotations omitted); see also Morningstar v. Black and Decker Mtg. Co., 253 S.E.2d 666, 669 (W. Va. 1979). The provisions of the UCQLA are discretionary for both the certifying court and the Supreme Court of Appeals. Abrams, 263 S.E.2d at 105; see also Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974) ("[Certification's] use in a given case rests in the sound discretion of the federal court.").

Pajack v. Under Armor, Inc., et al., No. 1:19-CV-160, ECF No. 290, at p.9 (N.D.W. Va. March 5, 2021) (Keeley, J.). The parties are hereby **ORDERED** to file briefing on (1) whether the matter is appropriate for certification under the foregoing and (2) if so, how the question(s) should be framed and, potentially, answered. A separate order setting the briefing schedule and, possibly, a hearing date will be forthcoming. Defendant's motion on Count

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS

VI's statutory discrimination claim is **DENIED WITHOUT PREJUDICE**

**AND WITH LEAVE TO REFILE IF NECESSARY.**

> **D.    Plaintiff Jennifer Butcher's Loss of Consortium Claim Survives Rule 12 Challenge.**

Plaintiff Jennifer Butcher asserts a loss of consortium claim. "Although the loss of consortium claim is a separate cause of action, plaintiffs commonly join loss of consortium and tort actions." <u>DuPont v. U.S.</u>, 980 F.Supp. 192, 197 (S.D.W. Va. 1997). "The invasion of the deprived spouse's interests in the marriage is a separate tort against that spouse, although it is conditioned upon factors that also constitute a tort against the impaired spouse." <u>Id.</u> (quoting Restatement (Second) Of Torts § 693 cmt. g (1976)) (internal quotations omitted). "In raising a loss of consortium claim, the only separate allegations that must be made to survive a motion to dismiss are that the plaintiffs suffered a loss of consortium, and that the loss of consortium was caused by the tortuous activity of the tortfeasor which impaired the plaintiff's spouse." <u>Councell v. Homer Laughlin China Co.</u>, 823 F. Supp. 2d 370 (N.D.W. Va. 2001).

Here, although the Court has dismissed most of Plaintiffs' causes of action against Halliburton, the statutory discrimination claim remains at this point. Thus, the Court cannot find, under the applicable standards, that Plaintiffs have failed to

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS**

articulate a plausible loss of consortium claim. Defendant's motion on this Count is **DENIED.**

### IV.   CONCLUSION

For the foregoing reasons, Defendant Halliburton's motion [ECF No. 60] is **GRANTED** with respect to Counts III (Deliberate Intent – W. Va. Code § 23-4-2) and Count VI (Fraud claim only). The motion is **DENIED WITHOUT PREJUDICE WITH LEAVE TO REFILE IF NECESSARY** as it relates to Count VI (Discrimination – W. Va. § 23-5A-1) and **DENIED** with respect to Plaintiff Jennifer Butcher's Loss of Consortium claim.

A separate order establishing the briefing schedule with respect to the statutory discrimination claim and the potential need to certify the question loosely identified here as well as setting a status conference to discuss discovery and other litigation management matters going forward will be entered.

The Clerk is hereby directed to forward a copy of this Order to counsel of record via the CM/ECF system.

**IT IS SO ORDERED.**

Entered this 15th day of April, 2021.

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE