```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JUSTIN BUTCHER and JENNIFER**
**BUTCHER, husband and wife, residents**
**of Appalachia, Virginia,**

      Plaintiffs,

v.                                       Civil Action No. 1:20cv74
                                                  (Judge Kleeh)

**ANTERO RESOURCES CORPORATION,**
**a Delaware corporation,**

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM ORDER**

Pending before the Court is Defendant Antero Resources Corporation's ("Antero") *Motion for Relief from Order* [ECF No. 362] filed by counsel. Plaintiffs Justin and Jennifer Butcher, by counsel, filed *Plaintiffs' Response to Antero Resources Corporation's Motion for Relief from Order* [ECF No. 367]. Defendant filed *Defendant Antero Resources Corporation's Reply in Further Support of its Motion for Relief from Order.* [ECF No. 368]. Plaintiffs filed *Motion for Leave to File Sur-Reply Memorandum* and Defendant filed *Response in Opposition* to the motion for leave. [ECF Nos. 369, 371]. Plaintiffs also filed a motion to seal. [ECF No. 370].

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM ORDER**

*Defendant Antero Resources Corporation's Motion for Relief from Order* [ECF No. 362] is fully briefed and ripe for decision. For the reasons that follow, the motion is **DENIED**.

## I. INTRODUCTION

The procedural and factual backgrounds of this cause of action were discussed at length in the Court's March 30, 2023, *Omnibus Memorandum Opinion and Order on Summary Judgment* [ECF No. 347] and will not be reposted here. In the March 30, 2023, Memorandum Opinion and Order, the Court denied Antero's Motion for Summary Judgment [ECF No. 204] and Safety Management Systems, LLC's, ("SMS") Motion for Summary Judgment [ECF No. 199] finding both Antero and SMS owed Plaintiff a duty of reasonable care and there exist questions of material fact for a jury to decide. [ECF No. 347]. Finding no genuine dispute of material fact existed as to Halliburton Energy Services, Inc.'s ("HES") Motion for Summary Judgment [ECF No. 201], and that it was entitled to judgment as a matter of law, the Court granted HES's motion and entered judgment. [ECF Nos. 347, 348].

It is based on the Court's March 30, 2023, Memorandum Opinion and Order that Antero filed the instant motion. Antero contends the Court made factual and legal errors in its analysis as grounds for denying its motion for summary judgment. [ECF No. 363]. Starting with this Court's mistakes in fact, Antero first argues

the Court erred in finding that Eric Reese and Chris Echols of SMS were supervised by and submitted incident reports to Jerry Klontz, an employee of Antero. [ECF No. 363 at 3, citing ECF No. 347 at 10-11]. Second, Antero asserts the Court described facts in its "Undisputed Facts" section that were contradicted. [ECF No. 363 at 5, citing ECF No. 347 at 8].

As basis for this Court's mistakes of law, Antero agues the Court erred in ruling Antero maintained the power of control and therefore owed Plaintiff a duty of a reasonably safe workplace. [ECF No. 363 at 6, citing ECF No. 347 at 15]. Finally, Antero points to citations in the Court's record and attached a chart as Exhibit 1 and requests the Court change the citations accordingly. [ECF No. 363 at 9, ECF No. 362-1].

## II.  LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The district court may reconsider an interlocutory order such as this one "at any time prior to the


**Butcher v. Antero**                                                                  **1:20cv74**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM ORDER**

entry of a final judgment." Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991).

While it remains unclear the standard by which the district court must exercise its discretion, the Fourth Circuit has made clear Rule 54(b) motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. . . Said power is committed to the discretion of the district court.").

A district court's earlier decisions become "law of the case" and, absent an exception, must be followed. Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988). Indeed, a court "may depart from the law of the case" if there is: (1) "a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (cleaned up). Rule 54(b) motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously."! South Carolina v. United States, 232 F. Supp. 3d 785,

793 (D.S.C. 2017). The Fourth Circuit reviews decisions on motions to reconsider under the abuse of discretion standard and "consistently affirm[s] denials of motions to reconsider summary judgment rulings where the motion is merely a vessel for the very evidence that was initially lacking in opposition to summary judgment." Carlson, 856 F.3d at 325 (citations omitted).

### III. DISCUSSION

The Court's decision on the Motions for Summary Judgment "did not resolve all claims against all parties, was interlocutory and thus subject to revision at any time[]" under Rule 54(b). Saint Annes Dev., Co., Inc. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011). To the extent Antero attempts to rehash arguments made in its summary judgment briefings, the Court will not consider those at a Rule 54(b) stage. South Carolina v. United States, 232 F. Supp. 3d 785, 793 (D.S.C. 2017). Antero has not established any intervening change in law, a subsequent trial producing different evidence, or clear error of law creating manifest injustice warranting reconsideration. Carlson, 856 F.3d at 325.

a. **Jerry Klontz and Keith Stansbury**

First, Antero argues the Court incorrectly found that Jerry Klontz was an employee of Antero. ECF No. 363 at 3-4. Antero asserts it had no employees on location, and that Klontz is an employee of Progressive – not Antero - and also supervisor of SMS

**Butcher v. Antero**                                                                                       **1:20cv74**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM ORDER**

workers on location. Id. at 3. In its Memorandum Opinion and Order, the Court stated the following: "Eric Reese and Chris Echols of SMS were supervised by and submitted incident reports to Jerry Klontz, employee of Antero. . . Klontz would 'follow up' with Reese or other SMS employees and 'make sure that they were doing what they needed to be doing on location.'" ECF No. 347 at 11.

On page 8 of his deposition, Klontz testified he was working for "Antero, Progressive" and was supervising Eric Reese at the time of Butcher's injury. ECF No. 211-27, Klontz Dep. 8:8-19. Counsel then questioned, in part: "In other words, if Mr. Reese was an SMS employee and *you were an Antero employee*, what were the parameters of that supervision? How were you instructed to basically supervised Mr. Reese or employees of SMS?" Id. 8:20-9:2 (emphasis added). Over no objection by Antero's counsel, Klontz answered under oath and described his duties in the field to observe, document, report, and coach. Id. 9:3-23. Klontz further testified that Mr. Reese and Mr. Echols were working under his supervision. ECF No. 211-26, Klontz Dep. 89:9-22.

Troy Roach, the Rule 30 representative of Antero, testified that Klontz was the Field Safety Supervisor (FSS) for Antero and reported to and was directed by B.J. Goble, the Safety Coordinator for Antero. ECF No. 211-32, Roach Dep. 192:2-193:23. When asked if he could identify anyone from Progressive who directed Klontz while

at the worksite, Roach's answer was no. ECF No. 211-37, Roach Dep. 197:11-24. Relatedly, when asked if he could identify anyone from SMS who directed Eric Reese while he was at the subject worksite, he could not do so. Id.

Antero's duty owed is not saved by the instant motion, which largely involves re-argument of the issues already briefed and ruled upon. Indeed, because Klontz was a self-described employee of "Antero, Progressive" [ECF No. 211-27, Klontz Dep. 8:8-19], fulfilled the Field Safety Supervisor (FSS) position for Antero [ECF No. 211-32, Roach Dep. 192:2-193:23], was directed by B.J. Goble, the Safety Coordinator for Antero [ECF No. 211-32, Roach Dep. 192:2-193:23] and supervised Mr. Reese and Mr. Echols [ECF No. 211-26, Klontz Dep. 89:9-22], the Court found, viewing all facts in the light most favorable to Butcher, Antero maintained the power of control and SMS was the borrowed servant of Antero. Whether Progressive or Antero paid Kontz's salary is a fact not material in this Court's prior rulings, particularly when Klontz identified himself by his job title "FLSS Completions for Antero." ECF No. 211-30, Klontz Dep. 75:3-15. Contrary to Antero's contention, these facts support that, as the premises owner, Antero had a duty to ensure site safety to HES and Butcher, and maintained control over its borrowed servant, SMS. The Court's decision will not be disturbed.

Second, Antero argues the Court incorrectly described Keith Stansbury as an "agent of record for Antero" and "in charge of operations at the Antero wellpad." ECF No. 363 at 4. Indeed, Stansbury was the AOR, a position referred to in the record as the Antero Operations Representative or Antero On-Site Representative. ECF No. 211-23, Stansbury Dep. 6:4-6; ECF No. 211-32, Roach Dep. 192:14-21; ECF No. 367 at 11. Regardless of Stansbury's work title, the Court did not rely on this fact in its analysis. Therefore, changing the Court's categorization of Stansbury's work title from "agent of record for Antero" to Antero Operations Representative or Antero On-Site Representative would not alter the Court's conclusion that Antero owed a duty. Antero has not established an intervening change in law, a subsequent trial producing different evidence, or clear error of law creating manifest injustice warranting reconsideration. The motion is **DENIED** on these grounds.

   **b. LOTO**

Next, Antero disputes the following fact included in the Court's Memorandum Opinion and Order: "Butcher's mentor advised performing LOTO slows down the work on the wellsite." ECF No. 347 at 8. Antero moves the Court for relief under Rule 54(b) and contends that, despite Butcher's testimony that he was advised of this by his mentor, LOTO would not delay work nor did Chris Stallard or Troy Roach believe it slows down operations. ECF No.

363 at 5. Whether LOTO delays wellsite operations - and whether Chris Stallard or Troy Roach believed that it did - is a disputed fact for the jury to find and not one for the Court to proclaim. Most importantly, whether LOTO delays wellsite operations, whether employees were told it slowed the work, and whether employees believed it slowed the work are not facts of consequence in the Court's finding of a duty owed by Antero. The Court's deduction of evidence regarding the mentor's communication to Butcher is not grounds to grant the Rule 54(b) motion because it does not support an intervening change in law, a subsequent trial producing different evidence, or clear error of law creating manifest injustice warranting reconsideration; therefore, the motion is **DENIED**.

### c. Antero's Power of Control

A Rule 54(b) motion is improper when it is filed to "rehash arguments" made in prior briefings "because the movant is displeased with the outcome." South Carolina v. United States, 232 F. Supp. 3d 785, 793 (D.S.C. 2017). "Nor should such a motion be used to raise new arguments or evidence that could have been raised previously." Id. Antero contends the Court's finding that Antero maintained the power of control and owed Plaintiff a duty of a reasonably safe workplace was in error. ECF No. 363 at 6-7. The Court disagrees. The Court provided its detailed analysis and

conclusion, after viewing all facts in the light most favorable to the plaintiffs, that Antero's Motion for Summary Judgment must be denied. ECF No. 347.

Antero's attempts to rehash arguments made in its summary judgment briefings because it is displeased with the outcome will not be considered here. The Court will likewise not restate its discussion rejecting Antero's prior arguments. Antero has not shown that the Court's findings were clearly erroneous, warranting reconsideration. The Motion [ECF No. 362] is **DENIED**.

### d. Clerical Mistake under Rule 60(a)

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). In its discretion a court can "perform mechanical adjustments to judgments, such as correcting transcription errors and miscalculations[]" under Rule 60(a). Sartin v. McNair Law Firm PA, 756 F.3d 259, 265 (4th Cir. 2014). "[A] court may not employ Rule 60(a) to reconsider a matter that has already been decided." Id. The purpose of the rule is to fix an error when "the court intended one thing but by merely clerical mistake or oversight did another." Rhodes v. Hartford Fire Ins. Co., 548 F. App'x 857, 860 (4th Cir. 2013).

Antero points to the Court's citations and requests the Court redress each under Rule 60(a) and pursuant to a table attached to the motion as Exhibit 1. ECF No. 363 at 9-10, ECF No. 362-1. For the reasons that follow, this motion is likewise **DENIED**. The Court's citations at the time the Memorandum Opinion and Order was entered were correct. Many of the citations about which Antero complains have since changed numerically under the Electronic Citation Filing system after the Court granted the motions to seal exhibits. Therefore, while the "ECF" numbers in the Court's Memorandum Opinion and Order may be reflected on the Court's docket differently now, they were correct when the exhibits were filed. There have been no less than ten (10) "motions to file under seal" in this case, many with attached exhibits. Naturally, the numeric ECF designators are bound to shift when the Court grants each motion and the Clerk individually re-files every exhibit under seal.

As to the deposition transcript citations without ECF designators as Antero points out, the citations were and remain correct. While Antero "brings these latter requests to the Court's attention to assure a correct record," the Court is confident the record is as correct and complete as the parties have created it.

## IV. CONCLUSION

For these reasons, Antero's Motion for Relief under Rule 54(b) is **DENIED**. ECF No. 362. Plaintiff's Motion to File Surreply is **DENIED** [ECF No. 369], the Motion to File Under Seal is **DENIED** [ECF No. 370], and the Surreply and attachments are **STRICKEN** from the docket.

It is so **ORDERED**.

The Clerk is further **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED**: August 28, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA